**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Brendan Veney, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br><br><br><br> -v.-<br><br>Transworld Systems Inc.,<br><br>     Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Brendan Veney (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through his attorneys, Garibian Law Offices, P.C., against Defendant Transworld Systems Inc. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

  1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

"the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of Delaware consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of Delaware, County of New Castle.

8.  Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a business address of 500 Virginia Dr. Suite 514 Ft. Washington,

PA 19034 and an address for service of process at CT Corporation System, 1209 N. Orange St, Wilmington, DE 19801.

9.  Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of Delaware;

   b. to whom Defendant sent a dunning letter;

   c. for an amount different than was expressed in other correspondences;

   d. including the line, "If left unresolved, our collection efforts may continue. If the creditor wishes for us to do so, we will have this account referred to our team of professional telephone collectors to attempt to collect the above unpaid amount."

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

3

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the

      forms attached as Exhibit A violate 15 U.S.C. §§ l692d, l692e, l692f, l692g et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate since the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.  Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.  Some time prior to February 1, 2021, an obligation was allegedly incurred by Plaintiff to creditor Chistiana Dental Spa (hereinafter "Dentist").

21.  The Dentist obligation arose out of transactions involving personal, family or household purposes obtained by Plaintiff from Dentist and was incurred primarily for personal, family or household purposes.

22.  Specifically, Plaintiff or one of his immediate family members under his insurance policy received dental services from the Dentist.

23.  Plaintiff maintains that he does not owe the subject debt in the amount stated, as his insurance company clearly stated that they paid Dentist in full for services rendered.

24.  The alleged Dentist obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

25.  Dentist is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26.  Upon information and belief, Dentist contracted Defendant to collect the subject debt from Plaintiff. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violation – February 1, 2021 Collection Letter*

27. On or about February 1, 2021, Defendant sent the Plaintiff a dunning letter regarding the alleged debt, originally owed to Dentist (See "*Letter*" attached as Exhibit A).

28. Towards the top of the Letter, in relevant part, it states:

   Creditor:     Christiana Dental Spa
   Acct. #:      ************7435
   Client Ref:   Balance Due: $126.12

29. In the body of the Letter, addressed to Plaintiff, in relevant part, it states,

   "If left unresolved, our collection efforts may continue. If the creditor wishes for us to do so, we will have this account referred to our team of professional telephone collectors to attempt to collect the above unpaid amount."

30. Defendant attempted to put undue pressure on Plaintiff to pay an outstanding debt that was the subject of several months of inquiry.

31. Defendant's Letter attempts to create the impression that Plaintiff was supposed to "resolve" this debt, but in the Letter, Defendant failed to clarify how much Plaintiff actually owed.

32. Critically, in a letter from Plaintiff's dental benefits insurer ("Insurance Company"), dated April 12, 2021, the Insurance Company stated, "These services were performed by a Participating Provider. This Provider has agreed not to bill you for the difference between the Provider's Charge and the Allowance for this service."

33. Therefore, Plaintiff has been and is currently under the reasonable belief that he does not have an obligation to the Dentist, as Dentist has been paid in full by the Insurance Company and has agreed not to bill Plaintiff for the difference between the Dentist's charges and the Insurance Company's allowance for the service.

34. Although Defendant's February 1, 2021 Letter lists the balance due as $126.12, on May 24, 2021 Plaintiff received a second letter from Defendant that listed the balance due as $100.81.

35. Thereafter, Plaintiff received a third letter from Defendant on September 24, 2021 that stated that his account balance as of September 13, 2021 was $89.55.

36. On November 5, 2021, Plaintiff sent a letter to Defendant disputing the amount of the debt and asking for more information, including the following: (1) a detailed breakdown of the debt, (2) a verification of the debt, and (3) proof that Defendant is licensed to collect debts in Delaware.

37. As of July 1, 2021, the Dentist confirmed that the Dentist believed that Plaintiff owed $89.55.

38. Even after seeking clarity from the Defendant, Plaintiff received different information on multiple occasions when he simply asked for clarification on the total amount alleged to be due.

39. A reasonable person in Plaintiff's position would not be able to intelligently or reasonably respond to Defendant's collection efforts.

40. A reasonable consumer could had multiple interpretations of how to respond to Defendant's collection efforts, including but not limited to the following:

   a) That the Insurance Company was correct and that any services provided by Dentist were covered by Plaintiff's insurance, so he did not owe any amount to Defendant;

   b) The actual amount owed was $126.12, as it is stated in Defendant's February 1, 2021 Letter;

    c) The actual amount owed was $100.81, as it is stated in Defendant's May 24, 2021 letter;

    d) The actual amount owed was $89.55, as it is stated in Defendant's September 24, 2021 letter and as was stated to Plaintiff by Plaintiff's Dentist;

    e) Plaintiff owes some other amount not listed on Defendant's multiple letters.

41. The allegations of Defendant regarding the amount owed are further dubious, as interest charges generally cause the total amount owed to increase over time, whereas here the amount seemed to decrease over time, calling into question the legitimacy of Defendant's debt collection efforts.

42. The varying amounts of the debt provided to Plaintiff were misleading and indicative of illegitimate debt collection efforts.

43. Therefore, Defendant's inaccurate affirmations and notable omissions suggest a pattern of illegitimate debt collection practures.

44. By failing to provide an accurate calculation of the amount purportedly owed by Plaintiff, Defendant withheld a material term from Plaintiff which caused him not to understand the nature of the subject debt.

45. Upon information and belief, Defendant deliberately attempted to confuse Plaintiff with its dunning letter to leave Plaintiff uninformed and to help Defendant obtain leverage over Plaintiff.

46. Upon information and belief, Defendant intended to cause Plaintiff to simply give up and instead, pay an unwarranted debt to avoid further collections efforts.

47. This is the precise conduct Congress intended to prohibit by enacting the FDCPA.

48. The FDCPA was intended to ensure that consumers remained informed in order to enable consumers to make informed decisions in communicating with the debt collector.

49. By withholding key information about a debt from the consumer, a debtor collector leaves the consumer without the ability to meaningfully dispute the debt.

50. Defendant's conduct violated the FDCPA and was unconscionable, knowing, willful, negligent and/or intentional. Further, Defendant did not maintain procedures reasonably adapted to avoid any these violations of the FDCPA.

51. The conflicting representations regarding the amounts Plaintiff allegedly owed demonstrate that Defendant's Letter was an attempt to improperly extort money from Plaintiff.

52. Defendant's actions caused Plaintiff to expend many hours of time, in reliance on the improper contents of the Letter and the subsequent communications from Defendant, in order to ascertain what his options and possible responses could or should be.

53. Aside from reading the multiple letters from Defendant, Plaintiff contacted the Dentist on multiple occasions to obtain more clarity, researched his insurance policy procedures and rules for repayment, spoke to several people, and was still unable to clearly ascertain how much he owed or did not owe to Defendant and/or the Dentist.

54. Plaintiff was very frustrated and upset for over a year that Defendant continued to convey different amounts of debt owed.

55. Plaintiff's family members even had to get involved in this debt collection ordeal.

56. Defendant's illegal collection efforts, as described herein, caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57. Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt.

58. The Plaintiff could not determine the correct amount owed from the Letter because multiple balances were provided without any explanation for the difference between the balances.

59. The Defendant's inability to clearly provide evidence as to the balance owed raises a question if Defendants were actually the true and proper collectors of this debt.

60. Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the Letter to his detriment.

61. Over the many months that Plaintiff attempted to ascertain how much he owed to Defendant.

62. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

63. As a result of Defendant's false, deceptive, and misleading debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***

64. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

66. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

67. Defendant violated §1692d:

   a. By providing multiple amounts owed in the dunning letters without any clear way to understand the difference between the amounts asserted by Defendant.

68. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

69. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

70. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

71. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. Defendant violated §1692e:

   a. As the Letter and Defendant's subsequent communications falsely represented the true amount, character and/or legal status of the debt in violation of §1692e(2)(A); and

  b. By making a false and misleading representation/omissions in violation of §1692e(10).

73. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

74. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

75. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

76. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

77. Defendant violated §1692f:

  a. By omitting material information from the dunning letters to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

78. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brendan Veney, individually and on behalf of all others similarly situated, demands judgment from Defendant Transworld Systems Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esq. (Bar No. 4962)
1010 N. Bancroft Pkwy, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Attorneys For Plaintiff*